IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br><br>vs.<br><br>CLINTON KNIGHT,<br>  a/k/a "Tone,"<br>           Defendant. | Case No. 07-10143-03-JTM |

**MEMORANDUM AND ORDER**

Presently before the court is defendant Clinton Knight's motion to allow him to be present for status conferences (Dkt. No. 89). For the following reasons, Mr. Knight's motion is denied.

Mr. Knight argues that he should be present at all status conferences and other hearings in this case "so that he can see and hear what is being said about him by the Government and other counsel; so that he can see and hear what is being done by counsel to defend him and protect his rights; and so that he can hear and better understand any and all rulings of the Court." (Dkt. No. 89). Although the court appreciates Mr. Knight's desire to be present, the status conference is not a critical stage of the proceedings, and instead merely serves as a scheduling and logistical meeting for counsel, concerning nothing of substance.

"A defendant has a due process right to be present at trial 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'"

*Tafoya v. Tansy*, No. 00-2049, 2001 WL 557971, at *7 (10th Cir. May 24, 2001) (quoting *Larson v. Tansy*, 911 F.2d 392, 394 (10th Cir. 1990)).  Due process does not require, however, that the defendant be present "when [his] presence would be useless, or the benefit but a shadow." *Id.* (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 106-07 (1934)).

The defendant has a right to be present in the courtroom during the critical stages of the proceedings, including instructing the jury, closing arguments, and the rendering of the verdict. *Tafoya*, at *7.  Nonetheless, several stages of the proceedings have not been identified as critical stages, including pretrial status conferences.  *Id.*

Because the status conference is not a critical stage, and because those meetings do not facilitate anything affecting the rights of the defendant, the court denies Mr. Knight's request. The court would like to reassure Mr. Knight that he will, of course, be present at any critical stage of these proceedings where his rights will be affected.

IT IS ACCORDINGLY ORDERED this 15th day of January, 2008, that defendant Clinton Knight's motion to allow him to be present for status conferences (Dkt. No. 89) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE