IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   Plaintiff,

   vs.            Case No. 07-10143-03-JTM

CLINTON KNIGHT,
a/k/a "Tone"

   Defendant.

**ORDER**

   Presently before the Court is defendant Clinton Knight's motion for bond (second motion for reconsideration) (Dkt. No. 120). This court conducted a hearing on the matter and indicated that it would release him, subject to careful consideration of proposed bond conditions. After carefully considering Knight's request, this court grants the motion, subject to the conditions detailed below.

**Procedural Background**

   Knight is one of several defendants charged in a multi-count superceding indictment in which the government alleges numerous RICO violations (Dkt. No. 97). Knight was arrested at the end of July 2007, and continually been in detention since that date. In November 2007, this case was declared complex due to the intricacies involved. (Dkt. No. 80). Knight's current

1

motion asks this court to review, for the second time, the decision of a magistrate judge in this district in which he was ordered to remain in custody.

## Legal Standard

Pursuant to 18 U.S.C. § 3145(b), a person who has been ordered detained by a magistrate judge may file a motion for revocation or amendment of that order.  The district court's employs a de novo review of the magistrate judge's order in such cases, meaning that it decides both the facts and the propriety of detention anew.  *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides the necessary legal framework for considering Knight's motion.  Absent a presumption to the contrary, the court must allow for the pretrial release of a defendant unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."  18 U.S.C. § 3142(b),(c), and (e).  The burden is on the government to prove the risk of flight by a preponderance of the evidence, and must further prove the dangerousness to any other person or the community be clear and convincing evidence. *United States v. Burks*, 141 F. Supp. 2d 1283, 1286 (D. Kan. 2001).  When making the determination, the court is to consider the following four factors: (1) the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community posed by a release on conditions.  18 U.S.C. § 3142(g).

**Analysis**

The court is concerned that Knight has been in custody for almost an entire year without resolution of his case. Further, the court notes that after a search warrant was executed on Knight's house, he was not arrested for almost 90 days, which somewhat refutes the government's argument that he is a danger to the community. Additionally, Knight has a family at home, and a job waiting. Accordingly, this court is going to give Knight a chance to prove that he can comply with the court's order, and allow his bond, subject to the conditions which are detailed in the accompanying order setting conditions of release.

Any violation, whatsoever, of any of the conditions detailed in the order or release will result in the immediate revocation of Knight's bond, and his chance for re-release would be virtually zero.

Finally, it has been brought to the court's attention that Mr. Knight's wife indicated that she needs the internet at her home for doing homework for school. The court will allow the internet to remain at the Knight home, although the family must keep a phone line open at all times. Thus, if access to the internet is dial-up, the Knight family must get a second phone line allowing immediate telephone contact with Mr. Knight at all times.

For all the reasons set forth above, Knight's Motion for review of order of detention (Dkt. No. 120) is granted, and defendant shall be released, subject to the conditions detailed in the accompanying document.

IT IS SO ORDERED this 13th day of May, 2008.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE