IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

        Plaintiff,

vs.                  Case No. 07-10143-03-JTM

Clinton A.D. Knight,

        Defendant.


MEMORANDUM AND ORDER

This matter is before the court on defendant Clinton Knight's Motion for Appointment of Counsel. (Dkt. 672). On April 9, 2010, Knight was sentenced to 210 months imprisonment, following his conviction on multiple counts of racketeering-related crimes. Knight appealed his conviction, which was affirmed by the Tenth Circuit (Dkt. 664), and his petition for *certiorari* was denied by the Supreme Court on April 16, 2012. (Dkt. 668).

Knight has moved for appointment of counsel before (Dkt. 669). In denying that previous motion, the court stressed that Knight had failed to provide any specific information which would justify the relief sought:

> A defendant generally has no right to counsel in the prosecution of a 2255 motion, because the right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The court may appoint counsel when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), but will properly decline to do so if the issues are not

complex either legally or factually, if the merits of the claim do not appear colorable, or if the defendant's *pro se* pleadings demonstrate he is capable of adequately articulating his claims. *United States v. Corber*, 2007 WL 1018766 (D. Kan. 2007). In the present case, movant Knight makes no explanation at all of his claims of ineffective assistance of counsel, and the court in its discretion denies the request to appoint counsel.

(Dkt. 671).

Knight's second motion for appointment of counsel reiterates information previously found to be insufficient (Dkt. 672, at 5). Knight merely repeats the statement that he desires appointment of counsel to present an ineffective assistance of counsel claim, without any further explanation.

As noted in the court's prior Order, appointment of counsel is exceptional rather than the general rule. There is no constitutional right to appointed counsel in § 2255 matters. *United States v. Moya–Breton*, 439 Fed.Appx. 711, 716 (10th Cir. 2011). While the court may appoint counsel in § 2255 cases pursuant to 18 U.S.C. § 3006A(a)(2), it may do so only when the "interests of justice so require." Here, Knight has failed to make any showing at all that the interests of justice support the relief sought. The defendant was convicted after a lengthy trial in which substantial evidence was produced in support of the charged offenses, and his conviction was affirmed on appeal. Appointment of counsel in the present case, where defendant provides no explanation at all for his request, would turn the exception into the rule.

IT IS ACCORDINGLY ORDERED this 9th day of July, 2013, that the defendant's

Motion for Appointment (Dkt. 672) is hereby denied.


s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE