IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

        Plaintiff,

        vs.                         Case No. 07-10143-03-JTM

Clinton A.D. Knight,

        Defendant.

MEMORANDUM AND ORDER

Defendant Clinton Knight was convicted of various racketeering and drug-related offenses and sentenced to 151 months imprisonment. This matter is before the court on Knight's Motion to Correct a Clerical Error. (Dkt. 694). Knight argues that his criminal history was incorrectly calculated as level III, when it should have been level II.

Independent of Knight's motion, the court has reviewed the sentence for potential modification pursuant to United States Sentencing Guidelines Amendment 782, which became law on November 1, 2014. By separate Order (Dkt. 695), the court has adjusted the sentence from 151 months to 121 months. The sentence cannot be reduced further than 121 months, the low end of amended guideline range, pursuant to U.S.S.G. 1B1.10(b)(2)(A).

The defendant's motion to correct clerical error is denied. Under FED.R.CRIM.PR. 36,

the court may at any time correct "[c]lerical mistakes in judgments, orders or other part of the record and errors in the record arising from oversight or omission." The Rule "is narrow, applying only to uncontroversial and non-substantive clerical errors 'of the sort that a clerk or amanuensis might commit, mechanical in nature.'" *United States v. Kieffer*, __ Fed.Appx. __, 2014 WL 7238565, *6 (10th Cir. Dec. 22, 2014) (quoting *United States v. Penson*, 526 F.3d 331, 335 (6th Cir.2008) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir.2004))). Thus, Rule 36 "does not give the court authority to substantially modify a sentence." *See United States v. Valdovinos*, 576 Fed.Appx. 817, 819 (10th Cir. 2014) (quoting *United States v. Lonjose*, 663 F.3d 1292, 1299 n. 7 (10th Cir.2011)).

The record as reflected in the Presentence Investigation Report and the Statement of Reasons (Dkts. 500, 536) shows that the defendant's criminal history category was correctly calculated, and adopted by the court, as Category III prior to a departure to Category II. In sum, "there was no error, let alone a clerical error." *Valdovinos*, 576 Fed.Appx. at 819.

IT IS ACCORDINGLY ORDERED this 6TH day of March, 2015, that the defendant's Motion to Correct (Dkt. 694) is hereby denied.

 s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE